UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00315-MOC

| | | |
|---|---|---|
| **STEVEN LEE SCHARR,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on review of petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). An initial screening of the petition under the Rules Governing § 2255Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate:

1. the petition has been signed under penalty of perjury,[1] Rule 2(b)(5), Rules Governing Section 2255 Proceedings;

2. petitioner has asserted that jurisdiction exists and/or that this petition has been timely filed under § 2255(f); and

3. petitioner has not asserted a colorable claim for relief under § 2255(a).

In relevant part, petitioner contends that "lifetime probation will all but destroy my life" and as a second contention that the court should credit his 51 month sentence with the 5 ½ months he spent on home detention. Petitioner does not, however, allege that such imposition of supervised release violates any law or the constitution or how not receiving credit for time spent on pretrial

---

[1] If petitioner has not signed his motion under penalty of perjury, petitioner shall do so within 14 days of receipt of this Order.

1

home detention has violated the law.

## I. Period of Supervised Release

First, petitioner's objection as to being placed on supervised release for the remainder of his life does not state a colorable claim under 28 U.S.C. § 2255(a). While being on supervision is a sufficient restraint on liberty to satisfy the "in custody" requirement of §2255(a), <u>United States v. Fabian</u>, 798 F.Supp.2d 647 (D.Md. 2011), Section 2255 provides no means for challenging the imposition of supervised release as part of a valid sentence. As to the offense of conviction, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), the period of supervised release ranged from 5 years to life. 18 U.S.C. § 3583(k). After consideration of the Section 3661 factors along with the Policy Statement set forth in USSG §5D1.2(b), the court imposed the statutory maximum term of supervised release.

A motion to vacate is the proper method to collaterally attack the term of the supervised release. <u>United States v. Pregent</u>, 190 F.3d 279 (4th Cir. 1999). A § 2255 challenge is, however, limited to claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, to state a cognizable claim for sentencing error under Section 2255, a petitioner must be able to plausibly allege that the period of supervision imposed exceeded the statutory maximum or that it resulted from ineffective assistance of counsel. As discussed above, the period of supervision did not exceed the maximum allowed and was precisely in line with the Policy Statement provided in USSG §5D1.2(b). As to any possible allegation that the supervision sentence resulted from ineffective assistance of counsel, he has not in any manner alleged that his counsel was ineffective or that there was additional evidence

in mitigation that he wanted to present to the court. Instead, petitioner's request for relief from the term of supervised release is as follows:

> …Lifetime Probation will all but destroy any future. I was living in Va. which is reluctant to handle out of state probation cases. Lifetime probation will all but halt any chance of returning there ever, leaving me stuck in Limbo in NC. Everything I own is in Va. I will be just short of 76 when I'm released. Please allow me some peace.

Motion at 5. Further, review of the pleadings reveals that counsel was highly effective in securing a below guidelines sentence (over the government's objection) of nearly half based on defendant's age, physical condition, family ties and responsibilities, and other positive contributions to society during his lifetime. Such performance of counsel makes it implausible that petitioner could claim ineffective assistance, which he has of course not done. Finally, petitioner's unsupported conclusion that he will be unable to return to Virginia due to the reluctance of Virginia to accept a transfer of supervision is without a factual foundation. Just as this court accepts transfers of supervision from other states, the court is well aware that its colleagues from the United States Court for the Eastern District of Virginia routinely accept transfers of supervision.

Read in a light most favorable to petitioner, he has failed to state a cognizable claim under Section 2255 based on the imposition of a period of life on supervised release, making that claim "frivolous" within the meaning of Section 2255.

### II.     Failure of BOP to Credit Pretrial Release as "Time Served"

Petitioner's second contention is that either this court or the Bureau of Prisons has improperly failed to credit the 5 ½ months spent on home detention while on pretrial release towards his 51 month sentence. A term imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of

sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A "federal sentence does not commence until the Attorney General receives the defendant into [his] custody for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir.1998). The Fourth Circuit has long held that where a person is on pretrial release, such time does not count as a credit toward service of a sentence:

> Conditions of release are not custody. For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration.

United States v. Insley, 927 F.2d 185, 186 (4th Cir.1991) (quotation and citation omitted) (holding that release conditions required defendant to reside with her parents and leave residence only to seek employment or to travel to work or church). A person on pretrial home detention is not eligible for a credit toward their sentence. Woods v. Revell, 2012 WL 3043186 (E.D.N.C. July 25, 2012). See also Reno v. Koray, 515 U.S. 50, 59 (1995) ("§ 3585(b) reduces a defendant's 'imprisonment' by the amount of time spent in 'official detention' before his sentence, strongly suggesting that the period of presentence 'detention' must be equivalent to the 'imprisonment' itself'"). While not stating a cognizable claim under Section 2255, petitioner argument contesting the computation or execution of his sentence could well be considered an attack on the execution of his sentence, which is properly brought under 28 U.S.C. § 2241 in the district where Petitioner is confined. United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989). The court will, therefore, dismiss the second contention as frivolous under Section 2255; however, such dismissal will be without prejudice as to asserting such claim under Section 2241 (if he chooses to do so) in his district of confinement.

4

**ORDER**

**IT IS, THEREFORE, ORDERED** that this Section 2255 action is dismissed as frivolous as petitioner has failed to assert a viable claim. Such dismissal is, however, without prejudice as to his second claim insofar as petitioner wishes to pursue such claim in his district of incarceration under Section 2241.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 19, 2014

Max O. Cogburn Jr.
United States District Judge